For meaning of Abreviations, See Ternary Digest, page XII.

### No. 1036

### LAZARUS et v. CLEV. HOUSEHOLD CO.

#### No. 20147. Supreme Court

On motion to certify. Dock. 11-1-26, 4 Abs. 742.

**677. JUDGMENTS**—Does illness of attorney warrant the vacation of a judgment after term; and is such illness "unavoidable casualty" as contemplated by 11631 GC?

Isaac Lazarus et al. filed an action against the Cleveland Household Supply in the Cleveland Municipal Court. Service was had and default judgment rendered in favor of Lazarus. At a subsequent term of court, the Supply Co. filed its petition seeking to have the judgment vacated. A demurrer thereto was overruled and the court granted the petition to vacate, even though a rule of the court that if the other party fails to file a brief in opposition to a motion or demurrer, the motion shall be granted or' the demurrer sustained. In this case no opposition brief was filed.

It seems that the Company's attorney was ill at the time summons was served upon one of the officers of the Company and that same was left by him with the girl in the office of the attorney; that no appearance was entered in the case until the petition to vacate was filed. The Court of Appeals affirmed the judgment of the lower court and the case was filed in the Supreme Court on motion to certify.

It is contended that the vacation of a judgment after term is not within the discretion of the court but is entirely governed by statute; and that the facts alleged in this case are not unavoidable casualty and misfortune as contemplated by 11631 GC.

It is further contended that if the Company were not negligent, then the attendant in the attorney's office was negligent in not informing him of the pendency of the suit; that the negligence of the employee of the lawyer is the negligence of the lawyer and is not unavoidable casualty as contemplated by statute.

It is argued that if the attorney was not negligent, then the Company was negligent in not following the course of their case. The defendants in error are presumed to know the rules of court and the summons specifically states when an answer is to be filed; and that in order to have its attorney file such answer the facts in regard thereto would have to be communicated to him.

**Attorneys**—Rothenberg & Smith and J. M. Andrus for Lazarus; Bernsteen & Bernsteen for Company; all of Cleveland.